**In re N. Jerome WILLINGHAM, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 05–BG–44.**

District of Columbia Court of Appeals.

Submitted May 25, 2006.

Decided June 8, 2006.

Before GLICKMAN and FISHER, Associate Judges, and KING, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent N. Jerome Willingham, the Board on Professional Responsibility (Board) has recommended that the identical discipline of disbarment be imposed. Neither respondent nor Bar Counsel has opposed this recommendation.

The respondent was disbarred by the Disciplinary Hearing Commission of the North Carolina State Bar on October 21, 2004, following a series of charged ethical violations in that state, including: engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by misappropriating the funds of three clients; engaging in criminal conduct that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects by misappropriating the funds of three clients; acting despite a conflict of interest by paying one client with other clients' funds; failing to disburse funds as directed by three clients; failing to maintain a sufficient balance in his trust accounts; willfully and intentionally failing to comply with a demand for information by the disciplinary authority in North Carolina; and engaging in conduct amounting to contempt of the Grievance Committee of the North Carolina State Bar. Although the respondent participated in and contested the North Carolina disciplinary matter, he has not participated in the proceedings in this jurisdiction.[1]

A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the origi-

---

1. On September 3, 1998, in a separate matter, this court suspended the respondent for 60 days as reciprocal discipline. *See In re Willingham,* 717 A.2d 342 (D.C.1998) (per cu- riam). The respondent remains suspended in that matter as he failed to file an affidavit that fully complies with D.C. Bar R. XI, § 14(g).

nal disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (internal citations omitted); *see also* D.C. Bar R. XI, § 11(f). Moreover, when, as here, the respondent fails to participate in the disciplinary proceedings, "the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court." *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002) (per curiam). Nevertheless, the Board has reviewed the foreign proceeding "sufficiently to satisfy itself that no obvious miscarriage of justice would result [from] the imposition of identical discipline...." *In re Childress,* 811 A.2d 805, 807 (D.C. 2002). We are similarly satisfied. Respondent's misconduct includes misappropriation, which warrants disbarment in this jurisdiction, *see In re Carlson,* 802 A.2d 341, 348 (D.C.2002), and there is no evidence in the record to indicate that reciprocal discipline is inappropriate. *See* D.C. Bar R. XI, § 11(c). Accordingly, it is

ORDERED that N. Jerome Willingham is disbarred from the practice of law in the District of Columbia effective immediately. However, for purposes of seeking reinstatement, time shall not begin to run until respondent files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*