In re Michael J. SMITH, Respondent.

No. 10–BG–1538.

District of Columbia Court of Appeals.

Filed March 24, 2011.

Before GLICKMAN, Associate Judge, PRYOR and FERREN, Senior Judges.

### ORDER

PER CURIAM

On consideration of the certified orders of the Supreme Court of Indiana that first suspended respondent for a period of six months and required him to file a motion for reinstatement and a later order in a separate matter that indefinitely suspended respondent, this court's January 7, 2011, order suspending respondent pending further action of the court and directing him to show cause why identical reciprocal disciplines should not be imposed, specifically why he should not be suspended for a period of six months with reinstatement conditioned on the showing of fitness and indefinitely suspended with the right to petition for reinstatement after a period of five years or reinstatement by Indiana, whichever occurred first, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file either a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Michael J. Smith, Esquire, is hereby suspended for a period of six months with reinstatement contingent on a showing of fitness followed by an

947 A.2d 1181, 1188 (D.C.2008).

indefinite suspension with the right to petition for reinstatement after a period of five years or reinstatement by Indiana, whichever occurred first. The suspensions shall run consecutive to each other. *See In re Fuller*, 930 A.2d 194, 198 (D.C.2007) and *In re Willingham*, 900 A.2d 165 (D.C.2006) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate, including those involving disbarment). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).