Before REID, Associate Judge, TERRY and KING, Senior Judges.

**ORDER**

PER CURIAM

On further consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law, *see Attorney Grievance Com'n of Maryland v. Nwadike,* 416 Md. 180, 6 A.3d 287 (2010), this court's September 29, 2010, order suspending respondent pending further action of the court, respondent's notice to the court wherein she states that the Court of Appeals of Maryland denied her motion to reconsider, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Maryrose O. Nwadike, Esquire is hereby disbarred from the practice of law in the District of Columbia. *See In re Fuller,* 930 A.2d 194, 198 (D.C. 2007) and *In re Willingham,* 900 A.2d 165 (D.C.2006) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate, including those involving disbarment). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).

■

**In re John A. ELMENDORF, Respondent.**

**No. 11–BG–80.**

District of Columbia Court of Appeals.

Filed March 31, 2011.

Before GLICKMAN, Associate Judge, PRYOR and FERREN, Senior Judges.

**ORDER**

PER CURIAM

On consideration of the certified order from the Maryland Court of Appeal revoking respondent's licence to practice law by consent, *see Attorney Grievance Com'n of Maryland v. Elmendorf,* 417 Md. 330, 9 A.3d 859 (2010), this court's February 9, 2011, order suspending respondent pending further action of the court and directing him to show cause why identical reciprocal discipline should not be imposed, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response either to this court's order to show cause or the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that John A. Elmendorf, Esquire is hereby disbarred from the practice of law in the District of Columbia. *See In re Fuller,* 930 A.2d 194, 198 (D.C. 2007) and *In re Willingham,* 900 A.2d 165 (D.C.2006) (rebuttable presumption of

identical reciprocal discipline applies to all cases in which the respondent does not participate, including those involving disbarment). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).