Before BLACKBURNE–RIGSBY, Associate Judge, NEBEKER and KING, Senior Judges.

## ORDER

PER CURIAM

On further consideration of this court's October 27, 2010 order that stayed this proceeding until resolution of respondent's appeal in Virginia, the January 7, 2011 order from the Supreme Court of Virginia that affirmed the imposed discipline, the certified order and opinion of the Virginia State Bar Disciplinary Board suspending respondent for two years, this court's June 17, 2010, order suspending respondent pending further action of the court and directing him to show cause why identical reciprocal disciplines should not be imposed, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file either a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that the stay entered on October 27, 2010 is hereby vacated. It is

FURTHER ORDERED that Dale E. Duncan, Esquire, is hereby suspended for a period of two years. *See In re Fuller*, 930 A.2d 194, 198 (D.C.2007) and *In re Willingham*, 900 A.2d 165 (D.C.2006) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).

**In re Joseph P. SINDACO, Respondent.**

**No. 11–BG–291.**

District of Columbia Court of Appeals.

Filed June 23, 2011.

Before BLACKBURNE–RIGSBY, Associate Judge, NEBEKER and KING, Senior Judges.

## ORDER

PER CURIAM

On consideration of the of the certified order from the Supreme Court of Florida disbarring respondent by consent and imposing conditions for reinstatement, *see The Florida Bar v. Sindaco*, 44 So.3d 582 (Fla.2010), this court's April 1, 2011, order suspending respondent pending further action of the court and directing him to show cause why identical reciprocal disciplines should not be imposed, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file either a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Joseph P. Sindaco, Esquire, is hereby disbarred from the practice of law in the District of Columbia and any petition for reinstatement is conditioned upon compliance with the conditions

imposed by the state of Florida. *See In re Fuller,* 930 A.2d 194, 198 (D.C.2007) and *In re Willingham,* 900 A.2d 165 (D.C.2006) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate, including those involving disbarment). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).