*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 21-BG-703**

IN RE NATHAN V. HOFFMAN

**2021 DDN 65**

An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 420588**

BEFORE: Thompson* and Easterly, Associate Judges, and Ferren, Senior Judge.

## O R D E R
(FILED— January 27, 2022)

On consideration of the certified order from the state of California suspending respondent from the practice of law in that jurisdiction for a period of four years, stayed in favor of a three-year suspension with reinstatement contingent on satisfying the conditions imposed and establishing fitness; this court's October 29, 2021, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel wherein he requests this court impose reciprocal discipline with an additional condition that reinstatement also be conditioned on respondent first being reinstated by the state of California; and it appearing that respondent has not filed any responses or his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that Nathan V. Hoffman is hereby suspended from the practice of law in this jurisdiction for a period of four years, stayed in favor of a three-year suspension with reinstatement contingent on his reinstatement to practice law by the state of California and a showing of fitness. *See In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) and *In re Willingham*, 900 A.2d 165 (D.C. 2006) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate, including those involving disbarment). It is

**No. 21-BG-703**

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**

\*Judge Thompson's term expired on September 4, 2021; however, she will continue to serve as an Associate Judge until her successor is confirmed. *See* D.C. Code § 11-1502 (2012 Repl.). She was qualified and appointed on October 4, 2021, to perform judicial duties as a Senior Judge and will begin her service as a Senior Judge on a date to be determined after her successor is appointed and qualifies.