*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 14-BG-326**

IN RE: LEE E. LANDAU,
                              Respondent.
**Bar Registration No. 335505**                    **BDN: 90-14**

BEFORE:   McLeese, Associate Judge, and Steadman and Reid, Senior Judges.

**ORDER**
(FILED - June 12, 2014)

On consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction, *see Attorney Grievance Com'n of Maryland v. Landau*, 86 A.3d 1271 (Md. 2014), this court's April 3, 2014, order directing respondent to show cause why the reciprocal discipline of disbarment should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response to this court's order to show cause or the affidavit as required by D.C. Bar R. XI, §14 (g), it is

ORDERED that Lee E. Landau is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's period of disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 (g).

PER CURIAM