*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 14-BG-1223**

IN RE: DALE E. DUNCAN,
                                        Respondent.
**Bar Registration No. 370591**                    **BDN: 72-14**

BEFORE:    Thompson, Associate Judge, and Ferren and Farrell, Senior Judges.

**ORDER**
(FILED - February 5, 2015)

On consideration of the certified order revoking respondent's license to practice law in the state of Virginia, this court's November 10, 2014, order suspending respondent pending further action of the court and directing him to show cause why the functionally equivalent reciprocal discipline in the form of disbarment should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI, §14 (g), and it further appearing that respondent has twice been suspended for a period of two years as reciprocal discipline but has failed to file his D.C. Bar R. XI, §14 (g) in either case, *In re Dale E. Duncan*, 67 A.3d 1056 (D.C. 2013); *In re Dale E. Duncan*, 21 A.3d 1003 (D.C. 2011), it is

ORDERED that Dale E. Duncan is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement the period that must pass before one is eligible to file for reinstatement will not begin to run until such time as he files a D.C. Bar. R. XI, § 14 (g) affidavit.

**PER CURIAM**