*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 13-BG-889**

IN RE:  GRASON JOHN-ALLEN ECKEL,
                                          Respondent.
**Bar Registration No.  459296**                    **BDN: 324-10**

BEFORE:    Fisher, Associate Judge, and Newman and Farrell, Senior Judges.

**ORDER**
(FILED - August 27, 2015)

On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction, *see Attorney Grievance Com'n of Maryland v. Eckel*, 115 A.3d 142 (Md. 2015), this court's July 1, 2015, order directing respondent to show cause why the functionally equivalent discipline of an indefinite suspension should not be imposed with reinstatement subject to a showing of fitness and with the right to seek reinstatement after five years or reinstatement by the state of Maryland, respondent's notice that he does not oppose the imposition of reciprocal discipline, the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent filed an affidavit as required by D.C. Bar R. XI,  §14 (g) on October 2, 2013, it is

ORDERED that Grason John-Allen Eckel is hereby indefinitely suspended with reinstatement conditioned on a showing of fitness, *nunc pro tunc* to October 2, 2013.  Respondent may file for reinstatement after five years or after he is reinstated to practice law in the state of Maryland, whichever occurs first. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).

PER CURIAM