*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 16-BG-315**

IN RE: CHARLES S. RAND,
                                   Respondent.
**Bar Registration No.   396942**                **DDN: 10-16**

FILED 7/28/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

BEFORE:    Glickman, Associate Judge, and Nebeker and Farrell, Senior Judges.

## ORDER
(FILED - July 28, 2016)

On consideration of the certified orders of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction, *see Attorney Grievance Com'n of Maryland v. Rand*, 131 A.3d 387 (Md. 2016); *Attorney Grievance Com'n of Maryland v. Rand*, 128 A.3d 107 (Md. 2015), this court's April 19, 2016, order directing respondent to show cause why the functionally-equivalent discipline of an indefinite suspension should not be imposed with reinstatement subject to a showing of fitness and with the right to seek reinstatement after five years or reinstatement by the state of Maryland, the statement of Disciplinary Counsel regarding reciprocal discipline, and it appearing that respondent failed to file a response to the court's show cause order or an affidavit as required by D.C. Bar R. XI, §14 (g), it is

ORDERED that Charles S. Rand is hereby indefinitely suspended with reinstatement conditioned on a showing of fitness. Respondent may file for reinstatement after five years or after he is reinstated to practice law in the state of Maryland, whichever occurs first. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's period of suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 (g).

## PER CURIAM