*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-25

IN RE: SANFORD B. JAFFE,
                      Respondent.

**Bar Registration No.  358433**                 **2016 BDN 335**

BEFORE: Thompson, Associate Judge, and Farrell and Ferren, Senior Judges.

### ORDER
(Filed – April 6, 2017)

On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction, this court's February 14, 2017, order directing respondent to show cause why the functionally-equivalent discipline of an indefinite suspension should not be imposed, with reinstatement subject to a showing of fitness and with the right to seek reinstatement after five years or reinstatement by the state of Maryland, and the statement of Disciplinary Counsel regarding reciprocal discipline, wherein he states that on March 7, 2017, he received a response from respondent consenting to the imposition of reciprocal discipline and his D.C. Bar R. XI, §14 (g) affidavit, it is

ORDERED that Sanford B. Jaffe is hereby indefinitely suspended, *nunc pro tunc* to March 7, 2017, with reinstatement conditioned on a showing of fitness. Respondent may file for reinstatement after five years or after he is reinstated to practice law in the state of Maryland, whichever occurs first. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).

**PER CURIAM**