*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 17-BG-539**

IN RE PAMELA B. STUART,
                              Respondent.                    **DDN:    50-17**

FILED  **11/02/2017**
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.    220236**

BEFORE:    Thompson, Beckwith and Easterly, Associate Judges.

### ORDER
(FILED – November 2, 2017)

On consideration of the certified order from the Supreme Court of Florida suspending respondent for one year; this court's June 9, 2017, order suspending respondent pending resolution of this matter and directing her to show cause why reciprocal discipline in the form of a one-year suspension with a fitness requirement should not be imposed, the response thereto, the statement of Disciplinary Counsel, and respondent's reply; and respondent's D.C. Bar R. XI, §14 (g) affidavit filed on July 7, 2017; and it appearing that respondent stipulated to the factual basis underlying her Florida discipline and consented to judgment, it is

ORDERED that Pamela B. Stuart is hereby suspended from the practice of law for one year *nunc pro tunc* to July 7, 2017, with reinstatement subject to a showing of fitness.  *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).

**PER CURIAM**