*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 18-BG-570**

IN RE PATRICIA JOAN BARRY

2018 DDN 112

An Administratively Suspended Member of
the Bar of the District of Columbia Court of Appeals

Bar Registration No. 226498

BEFORE: Glickman and McLeese, Associate Judges, and Nebeker, Senior Judge.

### O R D E R
(FILED – August 2, 2018)

On consideration of the certified order of the Supreme Court of California disbarring respondent from the practice of law in that state; the June 5, 2018, order and June 26, 2019, amended order suspending respondent from the practice of law in this jurisdiction until resolution of this matter and directing her to show cause why reciprocal discipline should not be imposed; respondent's motion for leave to file her late response and request for a hearing; and the statement of Disciplinary Counsel regarding reciprocal discipline, and it appearing that respondent failed to file the required D.C. Bar R. XI, §14 (g) affidavit, it is

ORDERED that respondent's motion for leave to file her late response is granted and the lodged response is filed. It is

FURTHER ORDERED that Patricia Joan Barry is hereby disbarred from the practice of law in the District of Columbia. To the extent respondent attempts to challenge the imposition of reciprocal discipline by requesting this court to conduct a hearing to permit her to relitigate the discipline imposed by the State of California, such a challenge is improper in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). Further,

respondent's response to this court's order merely recites the exceptions to be considered in rejecting the imposition of reciprocal discipline but she fails to provide
any support that any of the exceptions apply; therefore, respondent has failed to rebut the presumption that reciprocal discipline will be imposed. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).  It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's disbarment will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**