*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-626

IN RE CLAUDE D. CONVISSER

**2016 DDN 123**

An Inactive Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.  439202**

BEFORE:  Glickman and McLeese, Associate Judges, and Nebeker, Senior Judge.

### O R D E R
(FILED – August 22, 2018)

On consideration of the certified order of the Supreme Court of New Mexico suspending respondent from the practice of law in that state for a period of one-year, with the suspension fully stayed; the June 12, 2018, order of this court directing respondent to show cause why reciprocal discipline should not be imposed; respondent's response; the statement of Disciplinary Counsel regarding reciprocal discipline; and the lodged reply by respondent, it is

ORDERED, *sua sponte*, that respondent's lodged reply to Disciplinary Counsel's statement regarding reciprocal discipline is filed.  It is

FURTHER ORDERED that Clause D. Convisser is hereby suspended from the practice of law in the District of Columbia for a period of one year, the imposition of which is stayed.  To the extent respondent challenges the imposition of reciprocal discipline by asserting the exception that his actions would not constitute misconduct in this jurisdiction, this court holds that respondent has not established the exception.  The findings by the State of New Mexico, based on documentation created by respondent, that respondent engaged in both unauthorized practice of law and misrepresentation would support a finding of both violations if they occurred in this jurisdiction.  Further, the standard of proof by the

State of New Mexico, by itself, does not bar this court from imposing reciprocal discipline. *See, e.g., In re Changanti*, 144 A.3d 20 (D.C. 2016) (reviewing the record in full the use of preponderance of evidence by the initiating jurisdiction does not mandate a finding of infirmity of proof). Lastly, to the extent that respondent seeks to re-argue the merits of his original discipline or argue additional facts, such an attempt is improper in reciprocal disciplinary matters. S*ee In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). Therefore, respondent has failed to rebut the presumption that reciprocal discipline will be imposed. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).

**PER CURIAM**