*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-1125

IN RE LUIS F. SALGADO

**2018 DDN 294**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 342444**

BEFORE: Beckwith, Associate Judge, and Nebeker and Ferren, Senior Judges.

### O R D E R
(FILED – December 20, 2018)

On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law by consent; this court's October 29, 2018, order directing respondent to show cause why the functionally equivalent discipline of an indefinite suspension with a fitness requirement, with the right to file for reinstatement after five years or after reinstatement by the state of Maryland, whichever occurs first, should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent failed to file either a response to the court's show cause order or his D.C. Bar R. XI, §14 (g) affidavit, it is

ORDERED that Luis F. Salgado is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement conditioned on a showing of a fitness. Respondent may file for reinstatement after five years or after reinstatement by the state of Maryland, whichever occurs first. *See in re Sibley*, 990 A.2d 483 (D.C. 2010), and *in re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's period of suspension will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**