*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 18-BG-1007**

IN RE WILTON K. ELDER JR.

**2018 DDN 226**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.   352906**

BEFORE:  Beckwith, Associate Judge, and Nebeker and Ferren, Senior Judges.

### O R D E R
(FILED – December 20, 2018)

On consideration of the certified order disbarring respondent from the practice of law in the state of North Carolina and imposing condition for reinstatement; this court's September 28, 2018, order suspending respondent and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent failed to file a response to this court's order to show cause or his D.C. Bar R. XI, §14 (g) affidavit, it is

ORDERED that Wilton K. Elder Jr. is hereby disbarred from the practice of law in the District of Columbia and reinstatement is contingent on his satisfying the conditions imposed by the state of North Carolina.  *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).   It is

FURTHER ORDERED that for purposes of reinstatement respondent's period of disbarment will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**