*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

No. 19-BG-158

IN RE EDGAR F. NDJATOU

**2019 DDN 38**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.   1001665**

BEFORE:  Beckwith and McLeese, Associate Judges, and Nebeker, Senior Judge.

**O R D E R**
(FILED – April 25, 2019)


On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law by consent; this court's March 5, 2019, order directing respondent to show cause why the functionally equivalent discipline of an indefinite suspension with a fitness requirement, with the right to file for reinstatement after five years or after reinstatement by the state of Maryland, whichever occurs first, should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent failed to file a response to the court's show cause order but did file his D.C. Bar R. XI, §14(g) affidavit on March 18, 2019, it is

ORDERED that Edgar F. Ndjatou is hereby indefinitely suspended from the practice of law in the District of Columbia *nunc pro tunc* to March 18, 2019, and reinstatement is conditioned on a showing of fitness to practice law.  Respondent may file for reinstatement after five years or after reinstatement by the state of Maryland, whichever occurs first.  *See in re Sibley*, 990 A.2d 483 (D.C. 2010), and *in re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical

reciprocal discipline applies to all cases in which the respondent does not participate).

**PER CURIAM**