*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

**No. 19-BG-486**

IN RE JOHN F. LAKIN

**2019 DDN 113**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 474460**

BEFORE: Thompson and Easterly, Associate Judges, and Steadman, Senior
Judge.

## O R D E R
(FILED- October 3, 2019)

On consideration of the certified order of the Supreme Court of Florida suspending respondent from the practice of law in that state for a period of two years; the June 17, 2019, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why the functional-equivalent reciprocal discipline in the form of a two-year suspension with fitness should not be imposed; respondent's response to the order; and the statement of Disciplinary Counsel regarding reciprocal discipline and the reply thereto; and it appearing that respondent filed the required D.C. Bar R. XI, §14(g) affidavit on June 23, 2019, it is

ORDERED that John F. Lakin is hereby suspended from the practice of law in the District of Columbia for a period of two years, *nunc pro tunc* to June 23, 2019, with reinstatement contingent on a showing of fitness to practice law. To the extent respondent attempts to challenge the imposition of reciprocal discipline by requesting this court impose the referee's recommendation as to his disciplinary sanction, such a challenge is akin to challenging the foreign discipline, and such a challenge is improper in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are

not a forum to reargue the foreign discipline."). Further, to the extent respondent argues that his actions would not constitute an ethical violation in this jurisdiction or that this jurisdiction would impose a substantially different and reduced sanction, he is mistaken. Respondent's ethical violations were premised on his actions while he was a sitting judge. While presiding in a civil jury trial matter, he accepted and requested gifts from an attorney for one of the parties. In addition, the request for gifts was not an isolated event and the gifts were received in close proximity to him issuing rulings benefiting the party whose counsel provided those gifts. These actions, at a minimum, give the impression of a lack of impartiality. *See, e.g., In re Campbell*, 522 A.2d 892 (D.C. 1987) (disbarring an attorney who accepted a gift from a litigant who appeared before him while he was a judge). Further, to the extent that respondent asserts that imposition of reciprocal discipline would constitute a grave injustice, respondent again does not establish this exception to reciprocal discipline. Respondent merely attempts to reargue his sanctions and refers to his years of experience; however, discipline is imposed to protect the public and to safeguard the integrity of the legal system. *See, e.g., In re Cater*, 887 A.2d 1 (D.C. 2005). Therefore, because respondent has failed to rebut the presumption that reciprocal discipline should be imposed, we impose reciprocal discipline. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).

**PER CURIAM**