*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-672**

IN RE CHARLES A. MURRAY

A Member of the Bar of the
District of Columbia Court of Appeals.          **2019 DDN 155**
**Bar Registration No.   59089**

BEFORE:  Thompson and Easterly, Associate Judges, and Steadman, Senior Judge.

## O R D E R
(FILED – December 19, 2019)

On consideration of the certified order of the Supreme Court of Florida suspending respondent from the practice of law in the state of Florida for a period of 180 days; this court's September 19, 2019, order suspending respondent pending further action of the court and directing him to show cause why the functionally equivalent reciprocal discipline of a 180-day suspension with a fitness requirement should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent failed to file either a response to the court's show cause order or his D.C. Bar R. XI,  §14(g) affidavit, it is

ORDERED that Charles A. Murray is hereby suspended from the practice of law in the District of Columbia for a period of 180 days with reinstatement contingent on a showing of fitness.  *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).   It is

**No. 19-BG-672**

FURTHER ORDERED that for purposes of reinstatement respondent's period of suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**