**In re Lawrence A. FULLER, Respondent.**

**No. 06–BG–1303.**

District of Columbia Court of Appeals.

Decided Aug. 9, 2007.

---

Before KRAMER and THOMPSON, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Lawrence A. Fuller, a member of the Bar of this court, the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline be imposed in the form of an order of admonishment. No exceptions to the Board's Report and Recommendation have been filed.

On August 31, 2006, the Supreme Court of Florida entered an unpublished order of admonishment wherein it approved an uncontested referee's report and entered judgment for the recovery of costs in the amount of $3,125.12. *In re Fuller*, No. SC05–2324 (Fla. Aug. 31, 2006). The referee's report approved the conditional guilty plea and consent judgment, wherein respondent consented to the admonishment and admitted to violations of the Florida Bar Rules, including violations of the Florida Rules of Professional Conduct against the frivolous bringing or defending of a proceeding and conduct prejudicial to the administration of justice. On September 20, 2006, respondent self-reported the Florida discipline to the District of Columbia Bar. On November 1, 2006, Bar Counsel filed a certified copy of the order from the Supreme Court of Florida. On November 27, 2006, this court issued an order directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or proceed *de novo*. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a reprimand by the Board.

In its report and recommendation, the Board notes that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis*, 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the Florida matter because respondent participated in the Florida proceeding, and through counsel, entered into the conditional guilty plea and consent judgment. Moreover, the Board found, and we agree, that there is no basis

for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

■ A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). The Board notes that the reciprocal and identical discipline of an order of admonishment is outside the choice of sanctions provided by D.C. Bar R. XI, § 3. Nevertheless, it recommends identical discipline since there is no equivalent discipline in this jurisdiction to an order of admonishment, and in certain reciprocal matters, it is appropriate to "apply the foreign discipline *in haec verba.*" *In re Zdravkovich*, 831 A.2d 964, 970 (D.C. 2003); *In re Coury*, 526 A.2d 25, 25–26 (D.C.1987). This court has previously held that a public censure is the functional equivalent of a public reprimand issued by the Supreme Court of Florida, *In re Zukoff*, 925 A.2d 549, 2007 D.C.App. Lexis 252 (D.C.2007), *In re Steele*, 914 A.2d 679 (D.C.2007); however, this court has not yet addressed what is this court's functional equivalent of an order of admonishment issued by the Supreme Court of Florida. The Board requests that, unlike the Florida discipline, the order of admonishment should be published to promote the general openness of disciplinary proceedings, *see* D.C. Bar R. XI, § 17(a), and this court concurs that this is the appropriate discipline.

Since no exceptions have been taken to the Board's report and recommendation, the Court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f)(1); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Lawrence A. Fuller is hereby admonished.

*So ordered.*

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

### D.C. App. No. 06–BG–1303 Bar Docket No. 349–06

### *REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

This reciprocal discipline matter comes before the Board on Professional Responsibility (the "Board") as a result of an order of admonishment imposed upon Lawrence A. Fuller ("Respondent") by the Supreme Court of Florida (the "Florida Court"). Although it is outside the choice of sanctions provided for in D.C. Bar R. XI, § 3, we recommend that the District of Columbia Court of Appeals (the "Court") impose the identical reciprocal discipline of an order of admonishment upon Respondent.

## I. *BACKGROUND*

Respondent was admitted to the District of Columbia Bar by motion on June 3, 2002. Respondent also is a member of the Florida Bar.

Respondent self-reported his Florida discipline to the District of Columbia Bar by letter dated September 20, 2006. The Bar forwarded the letter to Bar Counsel, and on November 1, 2006, Bar Counsel filed a certified copy of the Florida Court's order of admonishment with the Court. On November 27, 2006, the Court issued an order suspending Respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d) and directed the Board either to: (i) recommend whether identical, greater or lesser discipline should be imposed as

reciprocal discipline; or (ii) determine whether the Board should proceed *de novo.* Order, *In re Fuller,* No. 06–BG–1303 (D.C. Nov. 27, 2006).

On December 21, 2006, Bar Counsel filed a statement recommending that the Board reprimand Respondent as functionally identical reciprocal discipline to the Florida Court's order of admonishment. Respondent has not responded to Bar Counsel's statement or otherwise participated in this proceeding.

## II. *THE FLORIDA PROCEEDINGS*

Respondent executed a Conditional Guilty Plea and Consent Judgment in which he admitted that he violated Florida Bar Rules ("Florida Rule(s)") 3–4.2 [1] (violation of Florida Rules of Professional Conduct), 4–3.1 [2] (the frivolous bringing or defending of a proceeding), and 4–8.4(d) [3] (conduct prejudicial to the administration of justice). Conditional Guilty Plea and Consent Judgment, *The Fla. Bar v. Fuller,* No. SC05–2324, slip op. at 2 (Fla. July 12, 2006).

Specifically, Respondent admitted that he failed to perform an adequate pre-suit investigation before filing 13 complaints under the Americans with Disabilities Act that erroneously alleged his client was a quadriplegic. *Id.* at 3. The allegation was mistakenly inserted by a secretary using a template. In one of the cases, Respondent discovered the mistake when he met the client at a deposition; three days later, he faxed a letter with a proposed stipulation to opposing counsel, offering to take a voluntary dismissal. *Id.* Respondent delayed almost two months thereafter, however, before filing the motion for voluntary dismissal, because of opposing counsel's outstanding claim for fees and costs. *Id.* In a sanctions order, Respondent was ordered to pay attorney's fees and costs in the amount of $43,323.90, and a Special Master was assigned to supervise Respondent and his practice for one year, at Respondent's expense. *Id.* at 2–3. Respondent also sent letters to opposing counsel in the other cases notifying them that the client was not suffering from quadriplegia. *Id.* at 4.

---

**1.** Florida Rule 3–4.2 (Rules of Professional Conduct) states:

Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.

**2.** Florida Rule 4–3.1 (Meritorious Claims and Contentions) states:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration,

may nevertheless so defend that proceeding as to require that every element of the case be established.

**3.** Florida Rule 4–8.4(d) (Misconduct) states:

A lawyer shall not:
(d) engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic[.]

Respondent consented to an admonishment by the Florida Court in the Conditional Guilty Plea and Consent Judgment and to payment of the Florida Bar's costs. Consent Judgment, *Fuller*, slip op. at 4. On July 12, 2006, the Report of the Referee approving the Conditional Guilty Plea and Consent Judgment was filed with the Florida Court. On August 31, 2006, the Florida Court entered an unpublished order of admonishment in which it approved the uncontested referee's report and entered judgment for recovery of costs in the amount of $3,125.12. *See* Order, *In re Fuller*, No. SC05–2324 (Fla. Aug. 31, 2006).

## III.  *RECIPROCAL DISCIPLINE*

There is a presumption in favor of imposing identical reciprocal discipline that may be rebutted by clear and convincing evidence that one or more of the five exceptions set out in D.C. Bar R. XI, § 11(c) exists.[4]  D.C. Bar R. XI, § 11(f); *see In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). When a respondent does not contest reciprocal discipline, however, the Board's role is limited to reviewing the foreign proceeding " 'sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical disci-

pline....' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). The imposition of identical discipline when the respondent fails to object "should be close to automatic, with minimum review by both the Board and this court." *In re Cole*, 809 A.2d 1226, 1227 n. 3 (D.C.2002) (per curiam).

In accordance with our limited role, we have examined the record and find nothing that rises to the level of an obvious miscarriage of justice. Respondent participated in the Florida disciplinary proceedings and, through counsel, entered into the Conditional Guilty Plea and Consent Judgment. There is thus no due process violation. The misconduct to which Respondent stipulated also is misconduct here and violates the counterpart provisions of the District of Columbia Rules of Professional Conduct.[5] The imposition of reciprocal discipline is therefore appropriate.

There remains an issue as to exactly what discipline should be imposed. There are two forms of non-suspensory sanctions available to the Florida Court: a public reprimand, and for cases of minor misconduct, an order of admonishment. Fla. Bar R. 3–5.1(a) & 3–5.1(d). The District of Columbia has only one form of non-suspensory sanction by the Court—a public cen-

---

4. The five exceptions under D.C. Bar R. XI, § 11(c) are as follows:

   (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;  or (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject;  or (3) The imposition of the same discipline by the Court would result in grave injustice;  or (4) The misconduct established warrants substan-

   tially different discipline in the District of Columbia;  or (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

5. Florida Rule 3–4.2 does not have a District of Columbia counterpart, but this does not bar the imposition of reciprocal discipline where the remaining misconduct would violate the District of Columbia rules. *See, e.g., In re Daum*, 918 A.2d 1196, 1198 n. 3 (D.C. 2007) (per curiam) (citing *In re Youmans*, 588 A.2d 718, 719 (D.C.1991) (per curiam)).

sure. *See* D.C. Bar R. XI, § 3(a)(3). The Court has held that a public censure is the functional equivalent of a public reprimand by the Florida Court. *See, e.g., In re Zukoff,* 925 A.2d 549, 549 (D.C.2007) (per curiam); *In re Steele,* 914 A.2d 679, 682 (D.C.2007). The form of discipline that is equivalent to an order of admonishment imposed by the Florida Court remains an open question.

Bar Counsel submits that the functionally equivalent discipline to an order of admonishment by the Florida Court is a reprimand by the Board. We do not agree with Bar Counsel. The status and authority of the entity issuing a disciplinary sanction is the key factor in the determination of functional identity. *See* Order, *In re Shevlin,* Bar Docket No. 404–05 at 6 (BPR July 27, 2006) (citing Order, *In re Mizrahi,* Bar Docket No. 247–04 at 14 (BPR Mar. 8, 2005) ("comparative status and authority of the two tribunals" most appropriate determinant of functional identity)). In our view, an order of admonishment issued by the Florida Court, which is comparable in status and authority to our Court, is not the functional equivalent of a reprimand issued by this Board.[6]

Because there is no exact equivalent discipline in this jurisdiction to the order of admonishment issued by the Florida Court, we must look beyond the choice of sanctions provided for in D.C. Bar R. XI, § 3 in order to determine the appropriate reciprocal discipline. The Court has stated that in certain reciprocal matters it is appropriate to "apply the foreign discipline *in haec verba." In re Zdravkovich,* 831 A.2d 964, 970 (D.C.2003); *see also In re*

*Coury,* 526 A.2d 25, 25–26 (D.C.1987) (per curiam) (in reciprocal discipline cases, the Court is to impose an identical sanction, regardless of whether it exists in the District of Columbia). We find that this is such a case and conclude that the appropriate reciprocal discipline is an identical order of admonishment issued by the Court.

We do, however, recommend one modification of the Florida discipline. The Florida order of admonishment specified that it was not to be published. In this jurisdiction, there is no such limitation on public disclosure of a disciplinary sanction under D.C. Bar R. XI, which instead reflects a judgment in favor of general openness of disciplinary proceedings and of public disclosure of the sanction imposed. *See* D.C. Bar R. XI, § 17(a); *In re Soto,* 840 A.2d 1291, 1291–92 (D.C.2004) (per curiam) (citing *In re Dunietz,* 687 A.2d 206, 211 (D.C. 1996)). We thus recommend that the order of admonishment be fully public and that it be published in the normal course. We also do not recommend an identical requirement that Respondent be ordered to pay costs, since this jurisdiction does not require the payment of costs by respondents. *See In re Holdmann,* 834 A.2d 887, 888 (D.C.2003).

## IV. *CONCLUSION*

For the foregoing reasons, the Board recommends that the Court issue an order of admonishment against Respondent as identical reciprocal discipline.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: */s/ Ernestine Coghill–Howard*

---

**6.** Our review of the Florida disciplinary scheme instead suggests that the closest equivalent in Florida to a reprimand by this Board is an order of admonishment issued by the Florida Grievance Committee. *See* Florida Rule 3–5.1(a).

Dated: 6/18/07

All members of the Board concur in this Report and Recommendation.