*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 13-BG-1267**

IN RE:  BRIAN R. DINNING,
                                        Respondent.
**Bar Registration No.  435906**                    **BDN: 360-13**

BEFORE:    Fisher, Associate Judge, and Ferren and King, Senior Judges.

**ORDER**
(FILED - February 20, 2014)

On consideration of the certified order revoking respondent's license to practice law in the state of Virginia by consent, this court's November 25, 2013, order suspending respondent pending further action of the court and directing him to show cause why the reciprocal discipline of  disbarment should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file either a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI,  §14 (g), it is

ORDERED that  Brian R. Dinning is hereby disbarred from the practice of law in the District of Columbia. *See In re Brackett*, 45 A.3d 162 (D.C. 2012) (disbarment is the functional equivalent discipline to a revocation of license imposed by the state of Virginia), and *In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).   It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's suspension will not begin to run until such time as he files an affidavit complying with D.C. Bar. R. XI, § 14 (g).

**PER CURIAM**