*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 15-BG-10**

IN RE:  SEAN ANTHONY VARNADO,
                               Respondent.
**Bar Registration No.   982336**                    **BDN: 402-14**

BEFORE:    Beckwith, Associate Judge, and King and Reid, Senior Judges.

### ORDER
(FILED - April 30, 2015)

On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law with the right to apply for reinstatement in 90 days, *see Attorney Grievance Com'n of Maryland v. Varnado*, 103 A.3d 1045 (Md. 2014), this court's January 30, 2015, order directing respondent to show cause why the functionally equivalent discipline in the form of a suspension for a period of 90 days, with reinstatement conditioned upon a showing of fitness, should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file either a response to this court's order or his affidavit as required by D.C. Bar R. XI,  §14 (g), it is

ORDERED that Sean Anthony Varnado is hereby suspended from the practice of law in the District of Columbia for a period of 90 days with reinstatement contingent upon a showing of fitness. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar. R. XI, § 14 (g).

PER CURIAM