*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 13-BG-1252**

IN RE:  JAMES MEANEY, III,
                                               Respondent.
**Bar Registration No.  352872**                **BDN: 325-12**

BEFORE:   Beckwith, Associate Judge, and King and Reid, Senior Judges.

**ORDER**
(FILED - May 7, 2015)

On consideration of the certified order of the Supreme Court of Tennessee that administratively suspended respondent, this court's November 21, 2013, order suspending respondent pending further order of the court and staying the proceeding until the Tennessee disciplinary matter was resolved, the certified order of the Supreme Court of Tennessee that suspended respondent for a period of eleven months and twenty-nine days, all stayed but for three months subject to conditions, this court's January 30, 2015, order vacating the stay and directing respondent to show cause why reciprocal discipline should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI, §14 (g), and it further appearing that respondent has been suspended from the practice of law in the state of Tennessee for more than one year, it is

ORDERED that James Meaney, III, is hereby suspended from the practice of law in the District of Columbia for a period of eleven months and twenty-nine days, all but three months stayed in favor of probation subject to the conditions imposed by the state of Tennessee.  Reinstatement is subject to a fitness requirement. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).   It is

No. 13-BG-1252

FURTHER ORDERED that for purposes of reinstatement respondent's period of suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar. R. XI, § 14 (g).

**PER CURIAM**