*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 13-BG-543**

IN RE: THEODORE L. FREEDMAN,
         Respondent.

**Bar Registration No. 165290**      **BDN: 110-13**

BEFORE: McLeese, Associate Judge, and Reid and Ruiz, Senior Judges.

### ORDER
(FILED - April 7, 2016)

On further consideration of the June 5, 2013, order that suspended respondent pursuant to D.C. Bar R. XI § 10 (c) and referred the matter to the Board on Professional Responsibility to institute formal proceedings, the certified order accepting respondent's resignation from the practice of law in the state of New York while disciplinary actions were pending, this court's December 23, 2015, order directing respondent to show cause why the functional equivalent discipline of a five-year suspension with a fitness requirement should not be imposed, and the statement of Disciplinary Counsel, and it appearing that respondent has failed to file a response to the court's order to show cause but did file his D.C. Bar R. XI § 14 (g) affidavit on June 27, 2013, it is

ORDERED that Theodore L. Freedman is hereby suspended from the practice of law in the District of Columbia for a period of five years, *nunc pro tunc* to June 27, 2013, and his reinstatement is contingent on a finding of fitness. *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).

PER CURIAM