*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

FILED 1/26/17
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

**No. 16-BG-1093**

IN RE: ALEXANDER M. CHANTHUNYA,
                                   Respondent.

**Bar Registration No. 495558**                  **DDN: 115-16**

BEFORE: Blackburne-Rigsby, Associate Judge, and Pryor and Farrell, Senior Judges.

**ORDER**
(Filed – January 26, 2017)

On consideration of the certified order indefinitely suspending respondent from the practice of law in the state of Maryland with the right to seek reinstatement after sixty days, this court's November 15, 2016, order suspending respondent and directing him to show cause why the functionally-equivalent reciprocal discipline of a sixty-day suspension with a fitness requirement should not be imposed, respondent's D.C. Bar R. XI, §14 (g) affidavit filed on December 21, 2016, the statement of Disciplinary Counsel regarding reciprocal discipline, and it appearing that respondent did not file a response to this court's order to show cause, it is

ORDERED that Alexander M. Chanthunya is hereby suspended from the practice of law in the District of Columbia for a period of sixty days, *nunc pro tunc* to December 21, 2016. Reinstatement is contingent upon a showing of fitness. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).

**PER CURIAM**