*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-845

IN RE COREY BRINSON

**2016 DDN 387**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Reg. No. 981557**

BEFORE: Thompson, Associate Judge, and Nebeker and Steadman, Senior Judges.

**O R D E R**
(FILED – October 25, 2018)

On consideration of the certified order of the Superior Court for the Judicial District of Hartford, Connecticut suspending respondent from the practice of law in the state of Connecticut for six years, with the right to seek reinstatement after May 10, 2021, if his supervised release has concluded and subject to conditions set by that court, this court's August 16, 2018, order suspending respondent pending further action of the court and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel regarding reciprocal discipline; the motion of Disciplinary Counsel for leave to file attachments to its previously filed response; and it appearing that respondent failed to file a response to the court's show cause order or the required D.C. Bar R. XI, §14 (g) affidavit, it is

ORDERED that the motion of Disciplinary Counsel is granted and the Clerk shall file the documents attached to the motion. It is

No. 18-BG-845

FURTHER ORDERED that Corey Brinson is hereby suspended from the practice of law in the District of Columbia for a period of six years with the right to seek reinstatement after May 10, 2021, if respondent's supervised release has concluded and he has complied with all conditions imposed by the state of Connecticut, including the payment of the court-ordered restitution in the amount of $1,417,810. In addition, reinstatement is contingent on a showing of fitness. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's period of suspension will not begin to run until such time as he files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**