*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-234**

IN RE CHRISTAL ELIZABETH EDWARDS

**2019 DDN 61**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1016332**

BEFORE: Glickman and Fisher, Associate Judges, and Nebeker, Senior Judge.

## O R D E R
(FILED – February 6, 2020)

On consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction; this court's April 1, 2019, order suspending respondent pending resolution of this matter and directing her to show cause why reciprocal discipline should not be imposed; respondent's response to the order to show cause; respondent's *pro se* supplemental response and exhibits; respondent's D.C. Bar R. XI, §14(g) affidavit filed on May 3, 2019; and the statement of Disciplinary Counsel, it is

ORDERED that Christal Elizabeth Edwards is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to May 3, 2019. *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline). To the extent respondent attempts to challenge the imposition of reciprocal discipline by contesting the credibility findings and relitigating the underlying factual findings and discipline imposed by the State of Maryland, such challenges are improper in reciprocal disciplinary proceedings. Further, to the extent respondent urges us to review the exhibits attached to the supplemental response that were not previously presented in

her original disciplinary matter, we do not address these documents because this is information that was available to respondent during the Maryland proceedings and constitutes a further attempt to relitigate those proceedings. *See In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline.").

To the extent respondent argues that this court should impose a lesser sanction because the disability mitigation test used by this court has a more lenient threshold, we agree that our standard is less taxing and we must review the findings made in the originating disciplinary matter under the standard established in *In re Kersey*, 520 A.2d 321 (D.C. 2000). *See In re Zakroff*, 924 A.2d 409, 424 (D.C. 2007). Under that standard, the respondent must have a medical disability, a fact acknowledged by the Maryland Court of Appeals as to the specific time periods that were supported by documentary evidence. Respondent must then establish by the preponderance of the evidence that the disability substantially caused the misconduct or, more simply, "but for" the disability she would not have engaged in the misconduct. In *Zakroff*, the court remanded the issue to the Board on Professional Responsibility to consider whether *Kersey* mitigation was applicable holding that the findings made in the Maryland disciplinary case did not provide a clear answer. However, in this case the state of Maryland specifically found that respondent's period of disability was limited to a specific period of time that was supported by documentation and rejected respondent's broader argument about her disability, finding her testimony was deceitful and unsupported by proffered evidence. Additionally, the state of Maryland found much of respondent's misconduct occurred prior to the documented disability or was not consistent with the time of her documented disability. The state of Maryland also found that respondent's disability was not the basis for her extensive misconduct that included false or misleading statements to clients, opposing counsel, and the judicial system, her knowing misappropriation of entrusted funds when she used unearned fees for herself and refused to refund unearned fees, and her failure to cooperate with disciplinary investigations. Lastly, the state of Maryland found that respondent failed to acknowledge the wrongfulness of her actions but attempted to use her illness as an excuse. Therefore, in light of these specific findings, that we accept, respondent has failed to establish by a preponderance of the evidence that "but for" her disability she would not have engaged in her extensive misconduct; therefore, under this court's standards she is not entitled to *Kersey* mitigation and has failed to rebut the presumption that reciprocal discipline should be imposed. Accordingly, we impose reciprocal discipline of disbarment. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re*

*Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).

**PER CURIAM**