*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 20-BG-45**

IN RE OLADIPO AKIN-DEKO

**2019 DDN 306**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 983020**

BEFORE: Glickman and Thompson, Associate Judges, and Washington, Senior Judge.

**O R D E R**
(FILED - July 30, 2020)

On consideration of the certified order from the United States District Court for the District of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction; this court's January 29, 2020, order suspending respondent pending resolution of this matter and directing him to show cause why equivalent reciprocal discipline in the form of an indefinite suspension with a fitness requirement and the right to seek reinstatement after five years or reinstatement by the United States District Court for the District of Maryland, whichever occurs first, should not be imposed and the response thereto requesting that no discipline be imposed and that his response be filed under seal; the statement of Disciplinary Counsel; and it appearing respondent has not filed his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that the Clerk shall file respondent's response to the court's show cause order under seal. It is

FURTHER ORDERED that OlaDipo Akin-Deko is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement contingent upon a showing of fitness. Respondent can seek reinstatement after five years or after reinstatement by the United States District Court for the District of

Maryland, whichever occurs first. To the extent respondent argues mitigating circumstances should be considered, he failed to either raise these circumstances in the originating court or accept the offer to change his membership to inactive status. Reciprocal disciplinary proceedings are the improper forum to raise this mitigation defense, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). To the extent respondent states he is seeking reinstatement by the United States District Court for the District of Maryland, that fact does not impact the imposition of reciprocal discipline, only when reinstatement may be sought. Because respondent failed to rebut the presumption that reciprocal discipline should be imposed, we impose reciprocal discipline. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**