*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-BG-131

IN RE DAVID R. STEINMAN

**2019 DDN 196**

An Inactive Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.  460646**

BEFORE: Glickman and Thompson, Associate Judges, and Washington, Senior
        Judge.

## O R D E R
(FILED – July 30, 2020)

On consideration of the certified order from the state of Colorado suspending respondent from the practice of law in that jurisdiction for six months, all stayed but three months followed by a one-year period of probation with conditions; this court's February 28, 2020, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why reciprocal discipline should not be imposed and respondent's lodged exhibits and response thereto wherein he states reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline, and it appearing that respondent filed his required D.C. Bar R. XI, §14 (g) affidavit on March 2, 2020, it is

ORDERED that David R. Steinman is hereby suspended, *nunc pro tunc* to February 28, 2020, from the practice of law in the District of Columbia for a period of six months, all but three months stayed, followed by a one-year period of probation subject to the conditions imposed by the state of Colorado.  To the extent respondent challenges the imposition of reciprocal discipline by arguing that the underlying findings, conclusions, and discipline imposed by the State of Colorado were not supported, such a challenge is improper in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline.").

Further, to the extent respondent argues against suspension, he also acknowledges that a suspension for D.C. Bar R. 8.4(c) violation is within the range of discipline imposed by this court; therefore, this argument does not rebut the presumption of reciprocal discipline. Finding respondent failed to rebut the presumption that reciprocal discipline should be imposed, we impose reciprocal discipline. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).

**PER CURIAM**