*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-328**

IN RE ASHLEY ANN KRAPACS

**2019 DDN 64**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1045497**

BEFORE: Glickman and Deahl, Associate Judges, and Nebeker, Senior Judge.

## O R D E R
(FILED— February 25, 2021)

On consideration of the certified order from the state of Florida suspending respondent from the practice of law in that jurisdiction pending final disposition of its pending disciplinary matter; this court's April 22, 2019, order suspending respondent pending resolution of this matter and staying the proceeding pending a final resolution of Florida's disciplinary proccedings; the certified order from the state of Florida disbarring respondent from the practice of law in that jurisdiction; this court's December 18, 2020, order directing respondent to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel; and it appearing that respondent failed to file either a response to this court's order to show cause or her D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that Ashley Ann Krapacs is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement the period of respondent's disbarment will not begin to run until such time as she files a D.C. Bar R. XI, § 14(g) affidavit.

**PER CURIAM**