*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 21-BG-804**

IN RE SANDY Y. CHANG

**2021 DDN 29**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 989203**

BEFORE: Thompson\* and Easterly, Associate Judges, and Ferren, Senior Judge.

## O R D E R
(FILED— February 3, 2022)

On consideration of the certified order from the state of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction; this court's December 2, 2021, order suspending respondent pending resolution of this matter and directing her to show cause why equivalent reciprocal discipline in the form of an indefinite suspension with a fitness requirement and the right to seek reinstatement after five years or reinstatement by the state of Maryland, whichever occurs first, should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or her D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that Sandy Y. Chang is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement contingent upon a showing of fitness. Respondent can seek reinstatement after five years or after reinstatement by the state of Maryland, whichever occurs first. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). It is

**No. 21-BG-804**

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**

*Judge Thompson's term expired on September 4, 2021; however, she will continue to serve as an Associate Judge until her successor is confirmed.  *See* D.C. Code § 11-1502 (2012 Repl.).  She was qualified and appointed on October 4, 2021, to perform judicial duties as a Senior Judge and will begin her service as a Senior Judge on a date to be determined after her successor is appointed and qualifies.