*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-700**

IN RE THOMAS MCCARTHY, JR.

**DDN: 2021-D106**

An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 996764**

BEFORE: McLeese and Howard, Associate Judges, and Ferren, Senior Judge.

## O R D E R
(FILED—November 23, 2022)

On consideration of the opinion and certified copy of the order from the state of Maryland disbarring respondent from the practice of law; this court's September 21, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; respondent's motion for an extension of time to file his lodged late response; and the statement of Disciplinary Counsel; and it appearing that respondent filed his D.C. Bar R. XI, § 14(g) affidavit on November 14, 2022, it is

ORDERED that respondent's motion for an extension of time is granted and his lodged response is filed. It is

FURTHER ORDERED that Thomas McCarthy, Jr., is hereby disbarred from the practice of law in the District of Columbia, nunc pro tunc to November 14, 2022. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). Although respondent argues that exceptions apply and reciprocal discipline should not be imposed, these arguments merely

attempt to relitigate the discipline imposed by the state of Maryland, which is not permitted in reciprocal discipline cases. *See In re Chaganti*, 144 A.3d 20, 24 (D.C. 2016) ("[O]ur responsibility in reciprocal discipline matters is not to sit in appellate review of the foreign disciplinary proceedings, in order to determine whether they conformed in every respect to local procedural and substantive law."); *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) (holding that, in a reciprocal matter, respondent "is not entitled to relitigate or collaterally attack the findings or judgment of the [original disciplining court]" and the infirmity of proof exception "is not an invitation to the attorney to relitigate in the District of Columbia the adverse findings of another court in a procedurally fair setting") (citations omitted).  We also reject respondent's assertion that the Maryland disciplinary proceedings deprived him of due process because (1) he had notice of those proceedings and an opportunity to respond, and (2) he in fact participated in those proceedings.


**PER CURIAM**