*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-698**

IN RE SCOTT J. CAPRIGLIONE,

**DDN: 2021-D129**

An Inactive Administratively Suspended
Member of the Bar of the District of Columbia
Court of Appeals

**Bar Registration No. 394850**

BEFORE: McLeese and Howard, Associate Judges, and Ferren, Senior Judge.

## O R D E R
(FILED— November 23, 2022)

On consideration of the certified order from the state of New Jersey suspending respondent from the practice of law for one year and until further order of the court; this court's September 21, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline in the form of a one year suspension with a fitness requirement should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit with this court, it is

ORDERED that Scott J. Capriglione is hereby suspended from the practice of law in the District of Columbia for a period of one year with reinstatement contingent on a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Tan*, 119 A.3d 73 (D.C. 2015) (imposing the functionally equivalent reciprocal discipline of a one year suspension with a fitness requirement where the respondent had been suspended for one year and until further order of the court). It is

**No. 22-BG-698**

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**