*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0069**

IN RE LANE N. BENNETT, ESQUIRE,

**DDN:** 2022-61

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 990546**

BEFORE: Blackburne-Rigsby, Chief Judge, and Easterly and Howard, Associate Judges.

### O R D E R
(FILED—April 13, 2023)

On consideration of the certified copy of an order from the state of Louisiana suspending respondent from the practice of law for three years; this court's February 6, 2023, order suspending respondent pending disposition of this matter and directing him to show cause why the functional equivalent reciprocal discipline of a three-year suspension with a fitness requirement should not be imposed; and the statement of Disciplinary Counsel wherein he requests that reinstatement be conditioned upon respondent's reinstatement in Louisiana; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Lane N. Bennett is hereby suspended from the practice of law in the District of Columbia for three years with reinstatement contingent on his reinstatement to practice law in the state of Louisiana and a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Hoffman*, 267 A.3d 1016 (D.C. 2022) (conditioning eligibility to seek reinstatement on readmission in original disciplining jurisdiction). It is

FURTHER ORDERED that, for purposes of reinstatement, Mr. Bennett's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**