*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0118**

IN RE PETER C. ANDERSON,

**DDN:** 2022-152

A Retired Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 436282**

BEFORE: Blackburne-Rigsby, Chief Judge, and Easterly and Howard, Associate Judges.

**O R D E R**
(FILED—April 13, 2023)

On consideration of the certified order from the state of North Carolina disbarring respondent from the practice of law by consent; this court's February 24, 2023, order suspending respondent pending disposition of this matter and directing him to show cause why reciprocal discipline should not be imposed; respondent's response thereto wherein he states he does not object to reciprocal disbarment and his March 8, 2023, D.C. Bar R. XI, § 14(g) affidavit; and the statement of Disciplinary Counsel, it is

ORDERED that Peter C. Anderson is hereby disbarred from the practice of law in the District of Columbia, nunc pro tunc to March 8, 2023. In addition to the other requirements for reinstatement, Mr. Anderson must be reinstated by the state of North Carolina prior to filing a petition for reinstatement in this jurisdiction. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established); *see also In re Hoffman*, 267 A.3d 1016 (D.C. 2022) (conditioning eligibility to seek reinstatement on readmission in original disciplining jurisdiction).

**PER CURIAM**