*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 12-BG-1891**

IN RE KENNETH SCHNEIDER,

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**DDN:** 2011-D465

**No. 23-BG-0012**

IN RE KENNETH SCHNEIDER,

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**DDN:** 2011-D465

**Bar Registration No. 440434**

BEFORE: Blackburne-Rigsby, Chief Judge, and Easterly and Howard, Associate Judges.

## O R D E R
(FILED—April 20, 2023)

On consideration of the certified order from the state of New York disbarring respondent from the practice of law by consent; this court's February 7, 2023, order in No. 23-BG-12 maintaining respondent's suspension pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; respondent's D.C. Bar R. XI, § 14(g) affidavit filed in his original disciplinary proceeding in No. 12-BG-1891 on February 11, 2013; and the statement of Disciplinary Counsel recommending reciprocal discipline and requesting reinstatement be conditioned upon respondent's successful completion of supervised release and to dismiss No. 12-BG-1891 as moot; and it appearing that respondent has not filed a response or opposed the condition for reinstatement; and it further appearing that respondent was convicted of traveling for the purpose of engaging in sex with a minor, in violation of 18 U.S.C. § 2423(b), it is

**Nos. 12-BG-1891 & 23-BG-0012**

ORDERED that Kenneth Schneider is hereby disbarred from the practice of law in the District of Columbia, nunc pro tunc to February 11, 2013. In addition to the other requirements for reinstatement, respondent must successfully complete his period of supervised release imposed as part of his criminal conviction prior to filing a petition for reinstatement in this jurisdiction. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that the case in No. 12-BG-1891 is hereby dismissed as moot.

**PER CURIAM**