*Error! Main Document Only.**Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0116**

IN RE MARK E. KELLOGG

**DDN:**2022-D126

A Retired Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 340786**

BEFORE: Blackburne-Rigsby, Chief Judge, and Easterly and Howard, Associate Judges.

## O R D E R
(FILED—April 27, 2023)

On consideration of the certified order from the state of Virginia revoking respondent's law license by consent; this court's February 24, 2023, order suspending respondent pending disposition of this matter and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel wherein he requests that reinstatement be conditioned upon respondent's reinstatement in Virginia; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Mark E. Kellogg is hereby disbarred from the practice of law in the District of Columbia and that prior to filing a petition for reinstatement respondent must first be reinstated to practice law in the state of Virginia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established); *In re* Arif, 275 A.3d 889, 889-90 (D.C. 2022) ("[T]he equivalent sanction for revocation in the District is disbarment[.]") (citation omitted); *see also In re Hoffman*, 267 A.3d 1016 (D.C. 2022) (conditioning eligibility to seek reinstatement on readmission in original disciplining jurisdiction). It is

No. 23-BG-0116

FURTHER ORDERED that, for purposes of reinstatement, Mr. Kellogg's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**