*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 23-BG-0480**

IN RE RICHARD L. SLOANE

**DDN**: 2023-D046

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 489140**

BEFORE: McLeese and Deahl, Associate Judges, and Washington, Senior Judge.

**O R D E R**
(FILED— February 1, 2024)

On consideration of Disciplinary Counsel's consent motion requesting the court lift the August 16, 2023, stay; and on further consideration of the certified order from the state of Maryland indefinitely suspending respondent with the right to petition for reinstatement after six months; this court's June 16, 2023, order suspending respondent pending resolution of this matter and directing him to show cause why the functionally equivalent discipline of a six month suspension with a fitness requirement should not be imposed as reciprocal discipline; respondent's response thereto wherein he requests a suspension of not more than six months without fitness; respondent's D.C. Bar R. XI, § 14(g) affidavit filed on June 30, 2023; and the statement of Disciplinary Counsel, it is

ORDERED that the consent motion to lift the stay is granted and this case shall proceed. It is

FURTHER ORDERED that Richard L. Sloane is hereby suspended from the practice of law in the District of Columbia for six months nunc pro tunc to June 30, 2023, with reinstatement conditioned on a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption in favor of identical reciprocal discipline applies unless one of the

exceptions is established). Although respondent contends that a lesser sanction should be imposed, these arguments merely attempt to relitigate the discipline imposed by the state of Maryland, which is not permitted in reciprocal discipline cases. *See In re Chaganti*, 144 A.3d 20, 24 (D.C. 2016) ("[O]ur responsibility in reciprocal discipline matters is not to sit in appellate review of the foreign disciplinary proceedings, in order to determine whether they conformed in every respect to local procedural and substantive law."); *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) (holding that, in a reciprocal matter, respondent "is not entitled to relitigate or collaterally attack the findings or judgment of the [original disciplining court]" and the infirmity of proof exception "is not an invitation to the attorney to relitigate in the District of Columbia the adverse findings of another court in a procedurally fair setting") (citations omitted).

**PER CURIAM**