*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 24-BG-1042**

FILED 02/06/2024
District of Columbia
Court of Appeals
Julio A. Castillo
Julio Castillo
Clerk of Court

In re MICHAEL ALAN YODER,
                                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals                    **DDN: 2024-D173**

**Bar Registration No. 160519**

BEFORE:    McLeese, Deahl, and Howard, Associate Judges.

**O R D E R**
(FILED— February 6, 2025)

On consideration of the certified order from the Commonwealth of Virginia suspending respondent from the practice of law for six months with terms by consent; this court's November 20, 2024, order directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel in which he requests that reinstatement be conditioned upon reinstatement in Virginia; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that pursuant to D.C. Bar R. XI, § 16(c), respondent's reinstatement does not require that he file a petition for reinstatement at the conclusion of his suspension, it is

ORDERED that Michael Alan Yoder is hereby suspended from the practice of law in the District of Columbia for six months. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposing identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). We decline to impose Disciplinary Counsel's requested condition. This court has never squarely held that requiring reinstatement in the original jurisdiction in order to be reinstated in the District is reciprocal or identical discipline. Although this court has imposed that requirement where a request was unopposed, it has

**No. 24-BG-1042**

declined to do so in at least one uncontested case where reinstatement in the District of Columbia would be automatic following the term of the suspension. *See In re Koh*, 326 A.3d 767, 768 (D.C. 2024) (imposing the reciprocal discipline of a six-month suspension but declining to condition reinstatement on reinstatement in the original jurisdiction). In such cases, there is no current procedure for enforcing a requirement of reinstatement in the original jurisdiction, because provided that the attorney has filed the required affidavit, the suspension is lifted at the conclusion of its term without the need for any further action by the attorney, Disciplinary Counsel, or the court. *See* D.C. Bar. R. XI, §§ 14(g), 16(c). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**