*Notice:  This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 24-BG-1044**

In re ALISA LACHOW CORREA,
                              Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**DDN: 2024-D116**

**Bar Registration No. 888283858**

BEFORE:  McLeese, Deahl, and Howard, Associate Judges.

**O R D E R**
(FILED—February 6, 2025)

On consideration of the order from the Virginia State Bar Disciplinary Board suspending respondent from the practice of law for six months with terms; this court's November 20, 2024, order suspending respondent pending disposition of this matter and directing her to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel requesting that reinstatement in the District of Columbia be conditioned upon respondent's reinstatement in Virginia; and it appearing that respondent has not filed a response or her D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that pursuant to D.C. Bar R. XI, § 16(c), respondent's reinstatement in the District of Columbia does not require that she file a petition for reinstatement,  it is

ORDERED that Alisa Lachow Correa is hereby suspended from the practice of law in the District of Columbia for six months.  *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposing identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). We decline to impose Disciplinary Counsel's requested condition that respondent be reinstated in Virginia.  This court has never squarely held that requiring reinstatement in the original jurisdiction in order to be reinstated in the District of

No. 24-BG-1044

Columbia is reciprocal or identical discipline. Although this court has imposed that requirement where a request was unopposed, it has declined to do so in at least one uncontested case where reinstatement in the District of Columbia would be automatic following the term of the suspension. *See In re Koh*, 326 A.3d 767, 768 (D.C. 2024) (imposing the reciprocal discipline of a six-month suspension but declining to condition reinstatement on reinstatement in the original jurisdiction). In such cases, there is no current procedure for enforcing a requirement of reinstatement in the original jurisdiction, because provided that the attorney has filed the required affidavit, the suspension is lifted at the conclusion of its term without the need for any further action by the attorney, Disciplinary Counsel, or the court. *See* D.C. Bar. R. XI, §§ 14(g), 16(c). It is

FURTHER ORDERED that, for purposes of reinstatement, Ms. Correa's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**