*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0797**

IN RE YASHA L. CLARK,
                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1617278**               **DDN: 2024-D107**

BEFORE:    Beckwith and McLeese, Associate Judges, and Thompson, Senior
           Judge.

**O R D E R**
(FILED – May 1, 2025)

On consideration of the order from the Supreme Court of Louisiana disbarring respondent from the practice of law by consent; this court's September 18, 2024, order suspending respondent pending this matter's resolution; this court's February 10, 2025, order directing respondent to show cause why identical reciprocal discipline should not be imposed; respondent's February 12, 2025, motion to show cause construed as her response thereto; Disciplinary Counsel's motion to late-file its lodged statement regarding reciprocal discipline, in which it recommends that respondent be disbarred with reinstatement conditioned on her reinstatement in Louisiana; and it appearing that on March 10, 2025, respondent filed an affidavit that complies with the requirements of D.C. Bar R. XI, § 14(g); it is

ORDERED that Disciplinary Counsel's motion to late file is granted and the lodged statement is filed.  It is

FURTHER ORDERED that Yasha L. Clark is hereby disbarred from the practice of law in the District of Columbia effective, for reinstatement purposes, as of March 10, 2025, with her eligibility for reinstatement conditioned upon her reinstatement in Louisiana.  *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that exceptions to the rebuttable presumption in favor of identical reciprocal discipline should be rare); *In re Maestas*, 319 A.3d 383, 383-84 (D.C.

No. 24-BG-0797

2024) (per curiam) (conditioning respondent's reinstatement on reinstatement in the originating jurisdiction where respondent did not oppose that specific condition). Respondent's attempt to relitigate the consented-to discipline in Louisiana is unavailing, *see Maestas*, 319 A.3d at 384, and she otherwise fails to rebut the presumption in favor of imposing reciprocal discipline.  *See generally* D.C. Bar R. XI, § 11(c)(1)-(5) (listing the five exceptions for departing from the presumption); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (per curiam) (explaining that the presumption applies unless one of the five exceptions is established by clear and convincing evidence).

**PER CURIAM**