*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-0833**

IN RE SHALONDA MICHELLE TILLMAN,
                 Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1600534**                    **DDN: 2025-D067**

BEFORE:    Easterly and Shanker, Associate Judges, and Steadman, Senior Judge.

### O R D E R
(FILED – May 7, 2026)

On consideration of the order from the Virginia State Bar Disciplinary Board revoking by consent respondent's license to practice law in Virginia; this court's November 26, 2025, order maintaining respondent's suspension pending this matter's resolution and directing her to show cause why she should not be disbarred in reciprocity with the Virginia State Bar Disciplinary Board's order; and the statement of Disciplinary Counsel recommending that functionally equivalent discipline be imposed and that reinstatement in the District be conditioned upon respondent's reinstatement in Virginia; and it appearing that respondent has not filed a response to the show cause order or her D.C. Bar R. XI, § 14(g) affidavit and has not opposed Disciplinary Counsel's proposed reinstatement condition; it is

ORDERED that Shalonda Michelle Tillman is hereby disbarred from the practice of law in the District of Columbia with reinstatement conditioned upon reinstatement in Virginia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that exceptions to the rebuttable presumption in favor of identical reciprocal discipline should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (per curiam) (explaining that the rebuttable presumption applies to all cases in which the respondent does not participate); *see also In re Elan*, 302 A.3d 501, 502 (D.C. 2023) (per curiam) (where the respondent did not object, conditioning his reinstatement upon reinstatement in the originating jurisdiction); *In re Laibstain*, 841

No. 25-BG-0833

A.2d 1259, 1263 (D.C. 2004) (per curiam) (explaining that revocation under Virginia law is functionally equivalent to disbarment).  It is

FURTHER ORDERED that for purposes of reinstatement, respondent's disbarment will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**