*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-1164**

IN RE MAURICE R. FRANKS

**2019 DDN 184**

A Retired Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No.  51110**

BEFORE: Glickman and Thompson, Associate Judges, and Washington, Senior
        Judge.

## O R D E R
(FILED – July 30, 2020)

On consideration of the certified order from the state of Colorado disbarring respondent from the practice of law in that state; the December 11, 2019, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why reciprocal discipline should not be imposed and respondent's response thereto wherein he states reciprocal discipline should not be imposed; respondent's opposed motions to be placed on inactive disability status, to stay his disciplinary matter to permit him to settle the matter, and for leave to file the lodged exhibits; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent failed to file a complete D.C. Bar R. XI, §14(g) affidavit after being informed that his affidavit was deficient,  it is

ORDERED that respondent's motions to be placed on inactive disability status are denied because respondent does not meet the requirements of D.C. Bar R. XI § 11(c).   It is

FURTHER ORDERED that respondent's motion to the stay this matter pending negotiations with Disciplinary Counsel is denied as moot.  Disciplinary Counsel has filed a response stating reciprocal discipline should be imposed. It is

FURTHER ORDERED that respondent's motions to file his numerous attachments are denied. Respondent is not permitted to reargue the factual findings of the originating state in a reciprocal case. Further, the actions taken as part of the disciplinary proceedings in the state of Louisiana are not before this court and subsequent actions taken by other courts are not relevant in this reciprocal discipline case. It is

FURTHER ORDERED that Maurice R. Franks is hereby disbarred from the practice of law in the District of Columbia. To the extent respondent argues that he was not provided due process in Colorado, the record reflects that he participated in the early stages of that disciplinary procedure and admitted to multiple counts of misappropriation of entrusted funds. Therefore, respondent knew of the disciplinary action and later refused to participate. To the extent respondent argues that the imposition of reciprocal discipline would cause grave injustice, respondent failed to report his discipline to this court for thirty years after the discipline was imposed. Respondent renewed his D.C. license until he sought retirement status and he consistently failed to inform this court of his Colorado discipline. Therefore, all delays are due solely to respondent's own actions and imposing reciprocal discipline now is not a basis for finding grave injustice. *See, e.g., In re Davy*, 23 A.3d 70, 73(D.C. 2011) (rejecting a claim that the delay in imposing reciprocal discipline should be a consideration finding that the delays were due to respondent's own actions). To the extent respondent challenges the imposition of reciprocal discipline by challenging the findings of the state of Colorado, such a challenge is improper in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). Because respondent failed to rebut the presumption that reciprocal discipline should be imposed, we impose reciprocal discipline. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). It is

FURTHER ORDERED that for purposes of reinstatement respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**