*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 21-BG-363**

IN RE VANDY L. JAMISON, JR.

**2020 DDN 212**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 437771**

BEFORE: Thompson and McLeese, Associate Judges, and Nebeker, Senior Judge.

**O R D E R**
(FILED—August 12, 2021)

On consideration of the certified order of the state of Maryland placing respondent on inactive status by consent; this court's June 10, 2021, order suspending respondent and directing him to show cause why he should not be indefinitely suspended pursuant to a disability suspension under D.C. Bar R. XI § 13(e) as reciprocal discipline; and the statement of Disciplinary Counsel; and it appearing that respondent did not file a response to the court order or the required D.C. Bar R. XI § 14 (g) affidavit, it is

ORDERED that Vandy L. Jamison, Jr. is hereby indefinitely suspended from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI § 13(e). *See In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that respondent's attention is directed to the requirements of D.C. Bar R. XI § 13 (g) for reinstatement, as well as D.C. Bar R. XI

**No. 21-BG-363**

§ 14 relating to suspended attorneys and to the provisions of Rule XI § 16 (c) dealing with the timing of eligibility for reinstatement as related to compliance with D.C. Bar R. XI § 14, including the filing of the required affidavit.

**PER CURIAM**