*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-BG-1347

IN RE ANTHONY JACOB ZAPPIN

**2018 DDN 219**

A Member of the Bar of the
District of Columbia Court of Appeals

Bar Registration No. 1008991

BEFORE: Glickman and Fisher, Associate Judges, and Nebeker, Senior Judge.

## O R D E R
(FILED – March 21, 2019)

On consideration of the certified order of the Supreme Court of New York disbarring respondent from the practice of law in that state; the January 9, 2019, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why reciprocal discipline should not be imposed; respondent's motion for leave to file his late response and attachments; and the statement and supplemental statement of Disciplinary Counsel regarding reciprocal discipline, and it appearing that respondent filed the required D.C. Bar R. XI, §14 (g) affidavit on February 4, 2019, it is

ORDERED that respondent's motion for leave to file his late response is granted and the lodged response and attachments are filed. It is

FURTHER ORDERED that Anthony Jacob Zappin is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to February 4, 2019. To the extent respondent attempts to challenge the imposition of reciprocal discipline by requesting this court provide him a hearing to relitigate the underlying findings and discipline imposed by the State of New York, such a challenge is improper in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum

to reargue the foreign discipline."). Further, to the extent respondent urges that this proceeding be dismissed because the state of New York either improperly imposed the doctrine of collateral estoppel as to respondent's actions that gave rise to the disciplinary action or that the standard of proof was different wherein some of the bases for discipline were findings made by the court in his domestic case, neither provides respondent with relief. *See In re Benjamin*, 698 A.2d 434, 440 (D.C. 1997) (holding that differences in standard of proof does not automatically establish an infirmity of proof); *In re Wilde*, 68 A.3d 749, 761 (D.C. 2013) (upholding the use of collateral estoppel in disciplinary cases). Because respondent failed to rebut the presumption that reciprocal discipline should be imposed, we impose reciprocal discipline. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).

**PER CURIAM**