*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

**No. 18-BG-967**

IN RE STEVEN R. DONZIGER

**2016 DDN 288**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 431577**

BEFORE: Easterly and AliKhan, Associate Judges, and Washington, Senior Judge.

## O R D E R
(FILED—July 21, 2022)

On consideration of the certified copy of the order from the state of New York temporarily suspending respondent Steven R. Donziger from the practice of law in that jurisdiction; this court's September 20, 2018, order suspending Mr. Donziger and staying this matter pending resolution of the New York matter; the certified copy of the order from the state of New York disbarring Mr. Donziger from the practice of law in that jurisdiction; this court's April 5, 2022, order lifting the stay and directing Mr. Donziger to show cause why reciprocal discipline should not be imposed; Mr. Donziger's response and exhibits; the statement of Disciplinary Counsel; and it appearing that Mr. Donziger has not filed his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Steven R. Donziger is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *see also, e.g., In re Colson*, 412 A.2d 1160, 1164 (D.C. 1979) (en banc) (holding that obstruction of justice is an offense of moral turpitude warranting disbarment); *In re Blair*, 40 A.3d

883, 884 (D.C. 2012) (holding that witness tampering is an offense of moral turpitude warranting disbarment); *In re Tucker*, 766 A.2d 510, 513 (D.C. 2000) (holding that bribery is an offense of moral turpitude warranting disbarment).

Although Mr. Donziger argues that exceptions apply and that reciprocal discipline should not be imposed, these arguments mainly attempt to relitigate the discipline imposed by the state of New York, which is not permitted in reciprocal discipline cases. *See In re Zappin*, 204 A.3d 116, 116–17 (D.C. 2019) (rejecting request for a hearing to dispute underlying findings and discipline imposed in another jurisdiction as improper in a reciprocal discipline proceeding). We have also previously rejected arguments challenging the application of collateral estoppel in reciprocal discipline cases. *Id.* at 117 (holding that New York state's application of collateral estoppel did not warrant dismissal of a reciprocal discipline proceeding). We also reject Mr. Donziger's claim that the New York disciplinary proceedings deprived him of due process because (1) he had notice of those proceedings and an opportunity to respond, and (2) he in fact participated in those proceedings with the assistance of counsel and exercised all appeal avenues. Finally, to the extent that Mr. Donziger argues that the imposition of reciprocal discipline would result in a grave injustice, we disagree. Mr. Donziger has had no connection to the practice of law in the District of Columbia for the past 25 years, has no clients or office here, and has no plans to practice law here. *See In re Plagmann*, 273 A.3d 837, 838 (D.C. 2022) (rejecting claim that disbarment would constitute a grave injustice where the attorney had no clients or office in the District of Columbia and no plans to practice law here). It is

FURTHER ORDERED that, for purposes of reinstatement, Mr. Donziger's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**