*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-634**

IN RE BRIAN JEFFREY ROSENBERG

**DDN2021-D028**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1045584**

BEFORE: Deahl and AliKhan, Associate Judges, and Ruiz, Senior Judge.

## **O R D E R**
(FILED— October 20, 2022)

On consideration of the certified order from the State of Maryland indefinitely suspending Brian Jeffrey Rosenberg from the practice of law in that state with the right to petition for reinstatement in 90 days; this court's August 23, 2022, order suspending Mr. Rosenberg pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel recommending that we impose the functional reciprocal discipline of a 90-day suspension with a fitness requirement; and it appearing that although Mr. Rosenberg emailed Disciplinary Counsel his lack of objection to reciprocal discipline if he were reinstated at the same time he was reinstated by the state of Maryland, he failed to file a response with this court; and it further appearing the Mr. Rosenberg has not filed his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Brian Jeffrey Rosenberg is hereby suspended from the practice of law in the District of Columbia for 90 days with reinstatement conditioned on a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established); *In re Zdravkovich*, 831 A.2d 964, 970 (D.C. 2003) (explaining that when the original disciplining jurisdiction imposes an indefinite suspension with the

right to apply for reinstatement after a minimum period of time, it is the functional equivalent of a suspension for the length of time before the right to apply for reinstatement plus a fitness requirement).  It is

FURTHER ORDERED that for purposes of reinstatement, Mr. Rosenberg's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**