*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-671**

IN RE MARSHALL L. WILLIAMS

**DDN2021-D055**

An Administratively Suspended Member of
the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 376298**

BEFORE: Deahl and AliKhan, Associate Judges, and Washington, Senior Judge.

### O R D E R
(FILED— November 10, 2022)

On consideration of the certified copy of the order from the state of New Jersey suspending respondent from the practice of law for two years and until further order of that court; this court's September 2, 2022, order suspending respondent pending final disposition of this proceeding and directing him to show cause why the functional equivalent reciprocal discipline of a two-year suspension with a fitness requirement should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Marshall L. Williams is hereby suspended from the practice of law in the District of Columbia for two years with reinstatement conditioned on a showing of fitness. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established). It is

**No. 22-BG-671**

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**