*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 21-BG-0456**

IN RE SCOT STREMS

**DDN:** 2020-D127

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration no. No. 1025368**

BEFORE: Blackburne-Rigsby, Chief Judge, AliKhan, Associate Judge, and Fisher, Senior Judge.

### O R D E R
(FILED— May 4, 2023)

On further consideration of this court's July 14, 2021, order suspending respondent and staying this matter pending resolution of the Florida disciplinary proceedings; the certified order from the state of Florida disbarring respondent from the practice of law in that jurisdiction; this court's March 10, 2023, order lifting the stay and directing respondent to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel wherein he requests that reinstatement be conditioned upon respondent's reinstatement in Florida; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Scot Strems is hereby disbarred from the practice of law in the District of Columbia and that prior to filing a petition for reinstatement he must first be reinstated to practice law in the state of Florida. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established); *see also In re Hoffman*, 267 A.3d 1016 (D.C. 2022) (conditioning eligibility to seek reinstatement on readmission in original disciplining jurisdiction). It is

No. 21-BG-0456

FURTHER ORDERED that, for purposes of calculating his eligibility to seek reinstatement, the mandatory five-year period of Mr. Strems's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**