*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 17-BG-1253**

IN RE JAIME TEODORO ZEAS AKA JAMES J. ZEAS

**DDN:**016-17

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 491583**

BEFORE: McLeese and Deahl, Associate Judges, and Washington, Senior Judge.

**O R D E R**
(FILED— August 10, 2023)

On consideration of the certified order from the state of New York disbarring respondent from the practice of law; this court's June 6, 2023, order maintaining respondent's suspension pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel recommending reciprocal discipline and requesting reinstatement be conditioned upon respondent's reinstatement in New York and Illinois; and it appearing that respondent has not filed his D.C. Bar R. XI, § 14(g) affidavit or a response opposing the condition for reinstatement; and it further appearing that respondent was convicted of felony child pornography, it is

ORDERED that Jaime Teodoro Zeas a.k.a. James J. Zeas is hereby disbarred from the practice of law in the District of Columbia. In addition to the other requirements for reinstatement, prior to seeking reinstatement, respondent must first be reinstated to practice law in the states of New York and Illinois. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

**No. 17-BG-1253**

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**