*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0957**

In re KELLEY CLEMENTS KELLER

**DDN:**113-23

An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals

**Bar Registraion No. 155666**

BEFORE: Deahl and Shanker, Associate Judges, and Fisher, Senior Judge.

**O R D E R**
(FILED— January 25, 2024)

On consideration of the certified order from the state of Pennsylvania suspending respondent from the practice of law for one year and one day by consent; this court's November 27, 2023, order suspending respondent pending disposition of this matter and directing her to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting that reciprocal discipline be imposed and that, in addition to a fitness condition, the court impose the condition that prior to seeking reinstatement in this jurisdiction respondent must be reinstated in Pennsylvania; and it appearing that respondent has not filed a response or her D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Kelley Clements Keller is hereby suspended from the practice of law in the District of Columbia for one year and one day with reinstatement conditioned upon a showing of fitness and her reinstatement in Pennsylvania. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Hoffman*, 267 A.3d 1016 (D.C. 2022) (conditioning eligibility to seek reinstatement

No. 23-BG-0957

on readmission in original disciplining jurisdiction); *In re DiGiovanni*, 7 A.3d 1027, 1027 (D.C. 2010) (imposing a fitness requirement as identical reciprocal discipline to one year and one day Pennsylvania suspension).  It is

FURTHER ORDERED that, for purposes of reinstatement, Ms. Keller's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**