*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0356**

IN RE ANDREW M. MAESTAS,

**DDN:** 2023-D127

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 987607**

BEFORE: McLeese and Shanker, Associate Judges, and Fisher, Senior Judge.

### O R D E R
(FILED— August 1, 2024)

On consideration of the certified order from the state of Arizona suspending respondent's license to practice law, by consent, for 120 days followed by a period of probation; this court's April 23, 2024, order suspending respondent pending final disposition of this proceeding and, because he had not yet been reinstated by the state of Arizona and his reinstatement was then subject to showing fitness, directing him to show cause why reciprocal discipline in the form of a 120-day suspension with fitness should not be imposed; respondent's motion for leave to file his lodged response thereto wherein he requests that this court lift his suspension, not impose reciprocal discipline, and provide him the opportunity to submit evidence that was not considered during the Arizona disciplinary proceedings; respondent's affidavit filed on June 26, 2024, that did not fully comply with the requirements of D.C. Bar R. XI, § 14(g); and the statement of Disciplinary Counsel in which Disciplinary Counsel also requests that reinstatement be conditioned upon reinstatement in Arizona; and it appearing that respondent has not opposed Disciplinary Counsel's proposed reinstatement conditions that he first be reinstated in Arizona and show fitness to practice in the District, it is

ORDERED that respondent's motion for leave is granted and respondent's lodged response is filed. It is

FURTHER ORDERED that Andrew M. Maestas is hereby suspended from the practice of law in the District of Columbia for 120 days with reinstatement

conditioned upon a showing of fitness and his reinstatement in Arizona. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption in favor of identical reciprocal discipline applies unless one of the exceptions is established). Although respondent contends that no reciprocal discipline should be imposed at all, he does not separately challenge Disciplinary Counsel's argument that he should be required to demonstrate fitness in Arizona and then in the District of Columbia. Further, respondent's arguments opposing any discipline merely attempt to relitigate the consented-to discipline imposed by the state of Arizona, which is not permitted in reciprocal discipline cases. *See In re Chaganti*, 144 A.3d 20, 24 (D.C. 2016) ("[O]ur responsibility in reciprocal discipline matters is not to sit in appellate review of the foreign disciplinary proceedings, in order to determine whether they conformed in every respect to local procedural and substantive law."); *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) (holding that, in a reciprocal matter, respondent "is not entitled to relitigate or collaterally attack the findings or judgment of the [original disciplining court]" and the infirmity of proof exception "is not an invitation to the attorney to relitigate in the District of Columbia the adverse findings of another court in a procedurally fair setting") (citations omitted). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

.
**PER CURIAM**