*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0580

IN RE KELLEE G. BAKER

**2020 DDN 211**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 992003**

BEFORE: McLeese and Deahl, Associate Judges, and Washington, Senior Judge.

**O R D E R**
(FILED—September 26, 2024)

On consideration of the certified copy of the order from the state of Maryland indefinitely suspending respondent from the practice of law in that state with the right to petition for reinstatement after one year; this court's June 28, 2024, order suspending respondent pending resolution of this matter and directing her to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel asking the court to impose a one-year suspension with a fitness requirement in the District of Columbia, with reinstatement in the District of Columbia conditioned on reinstatement in Maryland, as identical discipline; and it appearing that respondent has not filed a response or her D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Kellee G. Baker is hereby suspended from the practice of law in the District of Columbia for one year with reinstatement conditioned on a showing of fitness, *see In re Zdravkovich*, 831 A.2d 964, 970 (D.C. 2003) ("When the original disciplining jurisdiction imposes indefinite suspension with the right to apply for reinstatement after a minimum period of time, we view such sanctions as the functional equivalent of a suspension for the length of time before the right to reapply is allowed, coupled with a requirement of fitness."), and that prior to filing a petition for reinstatement respondent is reinstated to practice law by the state of Maryland. *See In re Gonzalez*, 318 A.3d 1208, 1219 (D.C. 2024) (where respondent acquiesced, imposing requirement of reinstatement in New Jersey in addition to

No. 24-BG-0580

proof of fitness in the District of Columbia); *see also In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).  It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**