*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-0856**

In re ANDREW SCOTT ZIEGLER,
      Respondent.
An Administratively Suspended Member        **DDN:** 2024-D123
of the Bar of the District of Columbia Court of Appeals

**Bar Registration No.** 1019299

BEFORE: Beckwith and Shanker, Associate Judges, and Ruiz, Senior Judge.

### O R D E R
(FILED—December 5, 2024)

On consideration of the certified order from the state of Pennsylvania suspending respondent from the practice of law for one year and one day by consent; this court's October 1, 2024, order suspending respondent pending disposition of this matter and directing him to show cause why reciprocal discipline should not be imposed; the statement of Disciplinary Counsel requesting the functionally equivalent discipline of a one year and one day suspension with a fitness requirement and that reinstatement also be conditioned on reinstatement in Pennsylvania; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that respondent has not opposed Disciplinary Counsel's proposed reinstatement condition, it is

ORDERED that Andrew Scott Ziegler is hereby suspended from the practice of law in the District of Columbia for one year and one day with reinstatement conditioned upon a showing of fitness and his reinstatement in Pennsylvania. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (explaining that a rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *see also In re Gonzalez*, 318 A.3d 1208, 1219 (D.C. 2024) (where respondent acquiesced, imposing requirement

of reinstatement in New Jersey in addition to proof of fitness in the District of Columbia); *In re DiGiovanni*, 7 A.3d 1027, 1027 (D.C. 2010) (imposing a fitness requirement as identical reciprocal discipline to one year and one day Pennsylvania suspension). It is

FURTHER ORDERED that, for purposes of reinstatement, Mr. Ziegler's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**