*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-BG-1147

IN RE MASON WILLIAM HERRING,
                        Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

Bar Registration No. 187323                    DDN: 2024-D028

BEFORE:    Howard and Shanker, Associate Judges, and Glickman, Senior Judge.

### O R D E R
(FILED — March 6, 2025)

On consideration of the judgment from the state of Texas disbarring respondent; this court's December 18, 2024, order suspending respondent pending final disposition of this proceeding and directing him to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel requesting that the identical discipline of disbarment be imposed and that reinstatement be conditioned upon reinstatement in Texas; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit and has not opposed Disciplinary Counsel's proposed reinstatement condition; and it further appearing that respondent was convicted of the felony offenses of assault of a pregnant person, Tex. Penal Code § 22.01(a)(1), (b)(8), and injury to a child under 15 with bodily injury, Tex. Penal Code § 22.04(a)(3), (f), it is

ORDERED that Mason William Herring is hereby disbarred from the practice of law in the District of Columbia with reinstatement conditioned upon reinstatement in Texas. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (per curiam) (stating that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

No. 24-BG-1147

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**