*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-0107**

IN RE THOMAS J. FINN,
                   Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 447669**               **DDN: 2024-D224**

BEFORE:    Beckwith and Shanker, Associate Judges, and Ruiz, Senior Judge.

## **O R D E R**
(FILED – June 5, 2025)

On consideration of the order from the Presiding Disciplinary Judge of the Arizona Supreme Court suspending respondent from the practice of law in Arizona for sixty days; this court's February 24, 2025, order maintaining respondent's preexisting suspension in the District pending this matter's resolution and directing him to show cause why identical reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel recommending that identical reciprocal discipline be imposed and that reinstatement be conditioned upon reinstatement in Arizona; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED that Thomas J. Finn is hereby suspended from the practice of law in the District of Columbia for sixty days. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that exceptions to the rebuttable presumption in favor of identical reciprocal discipline should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (per curiam) (explaining that the rebuttable presumption applies to all cases in which the respondent does not participate). We decline to impose Disciplinary Counsel's requested reinstatement condition that respondent be reinstated in Arizona. As we have explained, in cases "where reinstatement in the District of Columbia would be automatic following the term of the suspension . . . there is no current procedure for enforcing a requirement of reinstatement in the original

jurisdiction, because provided that the attorney has filed the required affidavit, the suspension is lifted at the conclusion of its term without the need for any further action by the attorney, Disciplinary Counsel, or the court." *In re Correa*, 330 A.3d 990, 991 (D.C. 2025) (per curiam); *see* D.C. Bar. R. XI, §§ 14(g), 16(c). The fact that respondent's sixty-day suspension in Arizona could last longer or result in a rehabilitation requirement if he does not promptly file a petition for reinstatement does not transform the reciprocal suspension into one that requires a petition for reinstatement in this jurisdiction. We note that Disciplinary Counsel does not argue that we should impose a fitness requirement due to the possibility that respondent may be required to prove rehabilitation before being reinstated in Arizona. It is

FURTHER ORDERED that for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**